*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-059

AUGUST TERM, 2015

| Michael Cornish | } | APPEALED FROM: |
| | } | |
| | } | Property Valuation and Review |
| | } | Division |
| v. | } | |
| | } | |
| Town of Brookline | } | DOCKET NO. PVR 2012-24 |

In the above-entitled cause, the Clerk will enter:

In a prior appeal, taxpayer appealed a decision of the state-property-tax hearing officer setting the fair-market value of his property in the Town of Brookline at $2,188,512 for the 2012 tax year. This Court reversed and remanded for further findings. On remand, the parties agreed that no further evidence was required, and the hearing officer made further findings on the existing record and again set the value of taxpayer's property at $2,188,512. Taxpayer appeals that decision, arguing that the hearing officer failed to comply with this Court's instructions on remand and that the valuation violates the Proportional Contribution Clause of the Vermont Constitution. We reverse and remand.

The subject property is a large custom-built log home on 267.3 acres. The residence has 11 rooms, 4 bedrooms, and 3.5 baths. There are four other structures on the property. The Town assessed the property at $3,555,900 for the 2012 tax year. The Town viewed the property as unique and determined there were no comparable properties in the Town. Therefore, the Town established value by using a reproduction-cost approach along with its land schedule. The cost approach was done using was a Computer Assisted Mass Assessment (CAMA) program, which requires different inputs to determine valuation. For this property the Town applied a quality-level input of 10. Taxpayer appealed to the Board of Listers, arguing that the quality level input was too high and resulted in his property being disproportionately taxed insofar as the quality level assigned to other residential properties in the Town did not exceed 4.5. The Board of Listers reduced the fair market value to $2,188,512 by keeping the 10 quality rating, but applying modifiers for physical, functional and economic depreciation. Taxpayer remained dissatisfied and appealed that decision the Board of Civil Authority (BCA), which reinstated the original assessment.

Taxpayer then appealed to the Property Valuation Review Division. The hearing officer concluded that the cost approach was the appropriate valuation method because the property was unique and comparable properties were not available within the Town. The hearing officer concluded that the Board of Listers' $2,188,512 valuation was supported by the most conclusive evidence of the property's fair-market value because it utilized land sales and applied depreciation. The hearing officer discounted the BCA's valuation because the hearing officer found that the quality grade of 10 was not supported by any findings of fact. Taxpayer appealed

to this Court. <u>Cornish v. Town of Brookline</u>, No. 2013-433 (Vt. June 12, 2014) (unpublished 3-Justice mem.). This Court remanded because although the state hearing officer found there was no support for the BCA's use of a quality rating of 10 for taxpayer's residence, that rating was part of the listers' calculation of assessed value, which was accepted by the hearing officer. This Court instructed that on remand the hearing officer should "address the inconsistency."

On remand, the hearing officer again adopted the valuation of the Board of Listers and specifically accepted the quality level of 10. The hearing officer explained that the CAMA system provides grades of 7 to 12 for "exceptional homes." The hearing officer then wrote, "Although an unusually high quality rating for Brookline, its selection is consistent with the Lister's view that the property is unique in size and style in Brookline, . . . and that a grade of 10 best represented the quality of construction and the property's unique log structure." Then, the hearing officer explained that the rating was modified by the Board of Listers' application of depreciation within the CAMA system to account for physical, functional and economic depreciation. Thus, the hearing officer concluded that the quality rating combined with the adjustments credibly established fair-market value. The hearing officer set the value of the property at $2,188,512. Taxpayer filed a second appeal with this Court.

On appeal, we accord deference to decisions of the hearing officer and will set aside findings of fact "only when clearly erroneous." <u>Barnett v. Town of Wolcott</u>, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.). Where the hearing officer's valuation is supported by some evidence from the record, "the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." <u>Garilli v. Town of Waitsfield</u>, 2008 VT 91, ¶ 9, 184 Vt. 594, (mem.) (quotation omitted).

Taxpayer asserts that the hearing officer's decision is erroneous because it continues to incorporate the quality rating of 10. Taxpayer contends that one of the listers admitted during his testimony that the quality rating of 10 was chosen arbitrarily in 2007 during the town-wide reappraisal. According to taxpayer, any valuation that incorporates this rating is therefore unsupported and in violation of the Proportional Contribution Clause. See Vt. Const. chap. 1, art. 9.

Even in view of the deference afforded to the hearing officer, the decision on remand continues to fail to address the Court's concern and unfortunately the matter must again be remanded. The remand directed the hearing officer to clarify or explain the inconsistency between its finding that a quality rating of 10 is not supported by the facts, and its acceptance of a valuation that incorporated that quality rating. On remand, the hearing officer failed to address this issue. Although the hearing officer acknowledged taxpayer's argument that the valuation was inequitable because the quality rating was unsupported, it did not make any findings on why the quality rating of 10 was now found to be supported by the evidence. The hearing officer previously specifically found, based on the exact same evidence, that the quality of construction of the property was not "much different than in most well built houses in the area," and concluded that "the use of a quality grade of 10 by the BCA to establish a value is not supported by any findings of fact on the part of the BCA." In apparently reversing its position on the propriety of relying on a quality grade of 10 for the purpose of the CAMA analysis, the hearing officer merely stated that the quality rating was "consistent with the Lister's view that the property is unique in size and style in Brookline." The hearing officer did not state whether the hearing officer found a 10 rating was appropriate for taxpayer's property and, if so, based on what evidence.

Moreover, in the first decision, the hearing officer expressly noted the lack of reliable market data concerning sales of comparable property, and accordingly opted to apply a cost-based approach to valuing the property. Its rationale on remand that the cost-based approach using the aberrantly high quality grade yielded a valuation that was not disproportionately high relative to comparable properties in Brookline suggests that it had sufficient alternative evidence, based on the sales of comparable properties, to support its valuation. This suggestion is squarely at odds with its prior conclusion that there was not adequate evidence concerning comparable properties to support a market-based valuation here. The fact that the hearing officer previously applied depreciation factors to account for a stagnant real-estate market, thereby lowering the valuation relative to the BCA's valuation, does not explain or support the quality rating applied to the property. If the standardized CAMA tool is used to determine value on a cost basis, it must be used in a non-arbitrary way.

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3